MATILDA B. TENNES *vs.* NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

November 26, 1879.

Life Insurance—Policy, to whom payable.—A policy of life insurance assured the life of a husband "for the sole use and benefit of M. B., his wife, in the sum of $1,000, for the term of ten years from date," and continued: "and the said company doth hereby promise and agree to pay the said sum assured, at its office, to said person whose life is assured, or assigns, in ten years from the date hereof, viz.: in the year when the said person shall have attained the age of 55 years, or in case of the previous death of the

person whose life is assured, to the said beneficiary or assigns, in sixty days after due notice and proof of such death.  \*  \*  In case of the death of the said beneficiary before the death of the person whose life is assured, the amount of the insurance shall be payable at maturity to the heirs or assigns of the person whose life is assured."  The husband did not die within the ten years.  *Held*, that the wife cannot recover the one thousand dollars; that the policy enured to her only in case the husband died within the term, leaving her surviving.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, sustaining a demurrer to the complaint.

*Daniel Rohrer*, for appellant.

*Geo. L. & Chas. E. Otis*, for respondent.

GILFILLAN, C. J.\*  Action on a policy of insurance upon the life of Syvert D. Tennes, plaintiff's husband.  By the policy the company did "assure the life of Syvert D. Tennes for the sole use and benefit of Matilda B. Tennes, his wife, in the sum of one thousand dollars, for the term of ten years from date;" "and the said company doth hereby promise and agree to pay the said sum assured, at its office, to *said person whose life is assured*, or assigns, in ten years from the date hereof, viz., in the year when the said person shall have attained the age of fifty-five years, or, in case of the previous death of the person whose life is assured, to the said beneficiary or assigns, in sixty days after due notice and proof of such death; (the balance of the year's premiums, and all notes given for premiums, if any, being first deducted therefrom.)  In case of the death of the said beneficiary before the death of the person whose life is assured, the amount of the insurance shall be payable, at maturity, to the heirs or assigns of the person whose life is assured."  The husband being still alive at the end of ten years, the wife brings this action to recover the one thousand dollars.  The court below sustained a demurrer to the complaint.

The contract is not one purely of life insurance.  So far as it is an agreement to pay, upon the death of the husband

\* Cornell, J., did not sit in this case.

within the ten years, it assures his life, and is a contract of life insurance; but the agreement to pay at the end of the ten years, though the husband be still alive, is not one assuring his life. By the terms of the policy, so far as it assures continuance of life for the term of ten years, it is for the sole use and benefit of the wife, if she survives the husband; and the clause that the company assures the life of the husband for the benefit of the wife refers to the contract, so far as it assures the life. It would probably control the entire contract, including the promise to pay absolutely at the end of ten years, were it not that that promise is explicit to pay, at the end of the term, not to her, but to the person whose life is assured, to wit, Syvert D. Tennes. The scheme of the contract is very simple. It is an agreement by the company to pay Syvert D. Tennes $1,000 at the end of ten years, and, in the contingency of his death within the term, to pay it, on that event, to the wife, for her sole use and benefit, if she should survive him; and if she should die before him, then to pay it, not to her representatives, but to his heirs or assigns. The part of the policy setting forth the specific promises of the company shows how the insurance is for her sole use and benefit, and that it was intended to enure to her only in case of the husband's death during the term, leaving her surviving.

Order affirmed.