# Levy & Co. *v.* Van Hagen.

*Claim Suit for Money due on Life Insurance Policy.*

*Life insurance; construction of policy.*—A life insurance company, by its policy, after reciting that the advance premium was paid, and the subsequent premiums were to be paid, by Adele F. Van. H., insured the life of Hiram W. Van H., for the sole use and benefit of the said Adele, in a stated amount, for the term of his natural life, or until he attained the age of forty-five years; and promised and agreed "to and with the

2

said assured," to pay the sum insured to her or her legal representatives, within ninety days after due notice and proof of the death of the said Hiram W., but further provided, that if the said Hiram W. should live to attain the age of forty-five years, then the sum insured should be paid to him, within ninety days after due notice and proof of his having attained that age. In a suit between Adele F. and an attaching creditor of Hiram W., *held*,

1. That the interest of Adele F. in the policy was contingent upon Hiram W. dying before he attained the age of forty-five years.

2. That the said Hiram W. having lived to attain the age of forty-five years, the money due on the policy was his property, free from any trust in favor of Adele F., and liable to the payment of his debts.

APPEAL from the Circuit Court of Mobile.

Tried before Hon. H. T. TOULMIN.

In this cause the appellants sued out an attachment against Hiram W. Van Hagen, on 2d May, 1879, which was levied by service of a writ of garnishment on the Alabama Gold Life Insurance Company, a corporation, as debtor to the said Van Hagen. On 26th May, 1879, the insurance company answered the garnishment, stating that the said Van Hagen then held a paid up policy of insurance, issued by that company on his life, for $833.33, which, by its terms, was payable to him, if he should live to attain the age of forty-five years and ninety days, and that the said Van Hagen would attain the age of forty-five years provided he lived until April 22, 1881; but that, if he should die prior to April 22, 1881, the policy was, by its terms, payable to his daughter, Adele F. Van Hagen. It is further stated in the answer, that the policy is subject to the payment of a note made by Hiram W. Van Hagan to the company for the sum of $191.33, and to the payment, annually, of the interest thereon; and that, if default be made in the payment of the interest, the policy would become null and void.

On 3d June, 1881, the garnishee, by additional answer, suggested that Adele F. Van Hagen claimed the money which would become due on the policy; and on 4th June, 1881, Adele F. Van Hagen, by her next friend, appeared, waived notice, and propounded her claim to the fund in controversy. She averred, that the policy referred to in the answer of the garnishee, was a contract made by her, through her father, Hiram W. Van Hagen, with the insurance company, whereby the company insured the life of Hiram W. for her sole use and benefit, in the amount of twenty-five hundred dollars, for the term of his natural life, or until he attained the age of forty-five years; that the company promised to pay the sum assured to Hiram W., if he should attain the age of forty-five years; but that, "nevertheless said H. W. Van Hagen would, in that event, receive such insurance money for the sole use and benefit of said Adele F. Van Hagen," under the terms of said policy;

[Levy & Co. v. Van Hagen.]

that by an agreement made between Hiram W. and the company, which was endorsed on the policy, the same became a paid up policy for the sum of $833.33, subject to the payment of the sum of $191.61. She further averred, that "all premiums and interest due said company have been paid, and that said. H. W. Van Hagen has now attained the age of forty-five years, and that said insurance money, amounting to $641.72, is now payable to said H. W. Van Hagen, for the sole use and benefit of claimant, and not for the use or benefit of himself, the said H. W. Van Hagen." The appellants denied that the money was the property of appellee, and averred that the same was the property of Hiram W. Van Hagen, and should be condemned to the payment of the debt sued on.

Upon the issue thus made the cause was tried. The policy of insurance, with the endorsement thereon, and an agreed state of facts were introduced in evidence, all of which are sufficiently set forth in the opinion.

The court below charged the jury in writing, at the request of the appellee, that, if they believed the evidence, they must find the issue in her favor. To the giving of this charge the appellants excepted, and now assign the same as error.

OVERALL & BESTOR, for appellants.—(1.) The policy has two characters. In favor of Adele, it is an ordinary time policy, payable to her at the death of her father, provided he dies before he attains the age of forty-five years. But as her interest is subject to be defeated by his attaining that age, and to be paid to him on that contingency, it is termed an endowment policy.—Bliss on Life Ins. 2 Ed. p. 6. Hiram W. having attained the age of forty-five years, the contingent interest of Adele is thereby defeated, and the money assured belongs to Hiram W. Van Hagen.—Hine & Nicols' Law of Assignments of Life Policies, 113, and case cited; *Evers v. Life Ass. of America*, 4 Ins. Journal, 593; *Bingham v. Home Life Ins. Co.*, Insurance Monitor, Oct. 1881, 495; *Knickerbocker Life Ins. Co. v. Weitz*, 99 Mass. 157. (2.) There is no trust estate in the policy in favor of Adele.— *Watson, admr. v. Colburn*, 99 Mass. 342. (3.) The recital of the payment of premiums by Adele does not affect the title to the money insured; for in fact she did not pay them.—Hine & Nicols' work, *supra*, 128.

HERNDON, CROOM & LEWIS, *contra*.—Adele and the Insurance Company are the contracting parties. The first clause of the policy declares, that the company insures the life of Hiram W. for the sole use and benefit of Adele, for the term of his natural life, or until he shall attain the age of forty-five years. On the happening of either event, therefore, the money becomes

payable *for the sole use and benefit of Adele.* The second clause, stipulating that the payment shall be made to Hiram W., in the event he attain the age of forty-five years, does not change the beneficial ownership, but merely provides *a mode of payment.* He is thereby appointed the agent or trustee to receive the money for her, in the event he attains that age. This construction harmonizes both clauses, and should be adopted.—May on Ins. 182; 1 Wait's Actions and Defenses, p. 122, § 11, and cases cited. If the two clauses are repugnant, the first prevails.—2 Parson on Con. m. p. 26; 1 Wait's Actions and Defenses, p. 123, § 13; Chitty on Con. (11 Ed.) 127.

STONE, J.—The present record presents but a single question, which arises on the construction of the endowment policy taken out on the life of Hiram W. Van Hagen, and copied in the record. The sum due on that policy became payable when the said Hiram W. became forty-five years of age—in the spring of 1881. · The policy is so framed, that the sum assured was to be paid at his death, or when he reached the age of forty-five, which ever should first happen. He was living when he became forty-five years of age, and, so far as we are informed, is still living. This suit was commenced in 1879, about two years before the maturity of the policy, and its object was and is, to subject the fund assured to the payment of Hiram·W. Van Hagen's debt. The suit was not brought to trial until Van Hagen became forty-five years of age. For appellant it is contended, that when he reached that age, the money was payable to Hiram W. and became his property. Appellee is the daughter of the said Hiram W., and she claims the money as her property. · It is admitted as a fact, that when the policy was taken out—in 1869—Adele F., the claimant, was only three or four years old, and that all payments of premiums were made by Hiram W., the father, until this suit was brought in 1879. The payment of the two premiums afterwards made, were by Adele F., the daughter, through her attorney. The record does not show whether Adele F. had, or had not an estate, or means with which to pay the premiums. No question is raised as to the *bona fides* of the transaction, and the inquiry is, who under the policy, and under the facts of this case, is entitled to the money, the father or the daughter. In answering this question, we must endeavor to get at the intention of the parties as expressed in the written policy. The policy recites the amount of annual premium to be paid, and when paid; recites that the advance premium was paid, and the subsequent premium to be paid, by Adele F. Van Hagen, and then stipulates that the Gold Life Insurance Company of Mobile " do assure the life of Hiram W. Van Hagen, of Mobile, in the county of Mobile

and State of Alabama, for the sole use and benefit of the said Adele F. Van Hagen, in the amount of twenty-five hundred dollars in American gold coin, for the term of his natural life, or until he shall attain the age of forty-five years, commencing on the 28th day of April, 1869, at noon. And the said company do hereby promise and agree, to and with the said assured, her executors, administrators, or guardian of children, if under age, well and truly to pay or cause to be paid, at the City of Mobile, the said sum insured to the said assured, or her legal representatives, within ninety days after due notice and proof of interest (if assigned or held as security), and of the death of said Hiram W. Van Hagen. But if the said Hiram W. Van Hagen shall live to attain the age of forty-five years, then the said sum insured shall be paid to the said Hiram W. Van Hagen, within ninety days after due notice and proof of the said Hiram W. Van Hagen having attained the age of forty-five years."

Counsel on each side of this controversy confess they have been unable to find any adjudged case precisely like the present. In a small publication, entitled "Law of Assignments of Life Policies," by Hine & Nichols, published in 1881, on page 114, is the following language: "In *Tenness v. N. W. Mut. Life Ins. Co.*, 9 Ins. Law Journal, 191, the insurance was on the life of the husband, 'for the sole use and benefit' of the wife, 'for the term of ten years,' and the company promised to pay the amount to the person whose life was insured or assigns in ten years, or, in case of his previous death, to pay the beneficiary or assigns. It was held by the Supreme Court of Wisconsin, in 1879, that so far as the life insurance part of the contract was concerned, it was an insurance of the husband for his own benefit, but, in case of his previous death, the wife would be entitled to the endowment. The husband surviving the term, she had no claim on the fund." We have carefully examined the Wisconsin reports, extending over a period of six years, and including the year 1881, and find no mention made of the case referred to above. That case, if correctly reported, is somewhat different from this, in the collocation of the clauses of the policy. So this case comes at last to the inquiry, what is the proper interpretation of the policy? What did the parties intend, as shown by the language employed? The Circuit Court, after much deliberation, reached the conclusion, that the claimant, the daughter, was entitled to the money.

We feel constained to differ with the Circuit Court. By the very terms of the policy, the payment of the money to the daughter was made contingent on notice and proof *of the death of said Hiram W. Van Hagen*. Being in life, and reaching

the age of forty-five, this proof could not be made, for no such fact existed to be proved. On the other hand, Hiram W. Van Hagen was entitled to receive the money, for *he did live to attain the age of forty-five years.* Due proof could have been made of that fact, and doubtless would have been made; but it was admitted, and proof of it thereby dispensed with. This makes the precise case, upon the occurrence of which the policy declares *the said sum insured shall be paid to the said Hiram W. Van Hagen.* Many reasons may be supposed, why Mr. Van Hagen should have wished the money paid to his daughter, if she should be left an orphan during her tender years, which would not apply, if he survived that period. We deem it unnecessary to enumerate them. Sufficient for us, that the precise event has happened, upon which the policy stipulates the loss or endowment should be paid to him. There is neither expression nor implication in the policy, that he should receive it charged with a trust.

Reversed and remanded.