MILLER, as EXr., *v.* CAMPBELL.

(New York Superior Court — General Term, February, 1893.)

In 1887, B. and wife, to secure advances of money by defendant for the benefit of B., assigned to him an endowment policy of insurance on B.'s life for the benefit of his wife, issued in August, 1872, for the period of fifteen years. In 1885, B. and wife commenced an action to obtain judgment declaring the assignment void. The judgment in the action, rendered in June, 1887, directed a redelivery of the policy to B.'s wife. The husband survived the period of fifteen years. *Held,* that the interest of the wife in the policy having ceased before judgment, the same should be modified by striking out the direction that defendant deliver the policy to her.

APPEAL from judgment entered upon findings and conclusions, made by judge at Special Term.

*George Van Slyck,* for defendant (appellant).

*Jacob F. Miller,* for plaintiff (respondent).

SEDGWICK, Ch. J.   The action was begun on July 16, 1885. Its purpose was to obtain judgment that certain assignments made by the plaintiff's testatrix, then the plaintiff, of policies of insurance, made for her benefit as a married woman, were void.

The case has been heard and decided by the Court of Appeals. *Brick* v. *Campbell,* 122 N. Y. 338. In my opinion, only one question remains for our decision. One policy in suit, that of the New York Life Insurance Company, made August 31, 1872, insured the life of Riley A. Brick, the husband of plaintiff's testatrix, "for the term of fifteen years, commencing on the 3d day of August, 1872, at noon." The company promised to pay the amount of the insurance "to the assured under this policy, to wit: Hannah S., wife of Riley A. Brick, for her sole use, if living, in conformity with the statute, and if not living, to the children of said person whose life is hereby insured, or their guardian for their use, or if there be no such children surviving, then to the executors, administrators or assigns of said person whose life is

hereby insured, in sixty days after due notice and satisfactory proof of the death, during the continuance of this policy, of the said person whose life is hereby insured as above, or if the said person whose life is hereby insured shall survive said term of fifteen years from and after the date above mentioned, from the commencement of this insurance, the sum above insured shall then be paid, etc., to him."

On the 7th of February, 1892, a supplemental answer was served, alleging that Riley A. Brick survived said period of fifteen years, and that under and by virtue of the aforesaid provision became entitled to the amount of the insurance, and the interest of the said Hannah S. Brick therein ceased and terminated, and the plaintiff had no interest in or title to the said policy of insurance.

There seems to be no doubt that at the end of the fifteen years the husband, Riley S. Brick, then living, was the only one interested in the policy or entitled to bring action upon it. And that the only interest of the wife was such as depended upon the death of the husband within the fifteen years.

The case decided by the Court of Appeals was such as existed on July 16, 1885, when the complaint was served. At that time the fifteen years had not expired. They expired on August 3, 1887. The insurance commenced on the 3d of August, 1872. Nor at the time of the trial, which was reviewed by the Court of Appeals, had the fifteen years expired. The trial was on the 16th and 17th days of June, 1887. The Court of Appeals had before it, therefore, a case of a policy in which the wife continued to have an interest and did not have before it a case in which it appeared that the fifteen years had elapsed. They passed upon the facts as they were at the beginning of the action and no supplemental answer having been made.

If the plaintiff's testatrix had no interest in the policy, the judgment should not have directed that the defendant deliver it to the plaintiff, and the judgment should be modified by striking out such direction. The provision in the judgment

that the assignment by Mr. Brick is void, need not be disturbed.

Judgment modified as directed in .the opinion, and as modified affirmed, without costs of appeal to either party.

DUGRO and GIEGERICH, JJ., concur.

Judgment accordingly.