### MILLER v. CAMPBELL.

(Superior Court of New York City, General Term.   March 6, 1893.)

INSURANCE—RIGHT TO PROCEEDS OF POLICY.

Where a life insurance policy recites that the insurance will be paid to the wife of the insured, "for her sole use, if living in conformity with the statute," after satisfactory proof of the death of the insured during the continuance of the policy, but if the insured "shall survive said term of 15 years" from the commencement of the insurance, it shall be paid to him, the interest of the wife is such as depends on the death of the insured within the 15 years. Brick v. Campbell, 25 N. E. Rep. 493, 122 N. Y. 338, distinguished.

Appeal from special term.

Action by Jacob F. Miller, as executor of Hannah S. Brick, deceased, against Robert Campbell, to set aside certain assignments of life insurance policies.   From a judgment for plaintiff entered on findings and conclusions of the trial judge, defendant appeals.   Modified.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

George Van Slyck, for appellant.
Jacob F. Miller, for respondent.

SEDGWICK, C. J.   The action was begun on 16th July, 1885.   Its purpose was to obtain judgment that certain assignments made by the plaintiff's testatrix, then the plaintiff, of policies of insurance, made for her benefit as a married woman, were void.   The case has been heard and decided by the court of appeals.   Brick v. Campbell, 122 N. Y. 338, 25 N. E. Rep. 493.   In my opinion, only one question remains for our decision.   One policy in suit—that of the New York Life Insurance Company, made 31st of August, 1872—insured the life of Riley A. Brick, the husband of plaintiff's testatrix, "for the term of fifteen years, commencing on the 3d day of August, 1872, at noon." The company promised to pay the amount of the insurance "to the assured under this policy, to wit, Hannah S., wife of Riley A. Brick, for her sole use, if living, in conformity with the statute, and, if not living,

to the children of said person whose life is hereby insured, or their guardian, for their use, or, if there be no such children surviving, then to the executors, administrators, or assigns of said person whose life is hereby insured, in 60 days after due notice and satisfactory proof of the death during the continuance of this policy of the said person whose life is hereby insured as above; or, if the said person whose life is hereby insured shall survive said term of 15 years from and after the date above mentioned from the commencement of this insurance, the sum above insured shall then be paid," etc., "to him." On the 7th February, 1892, a supplemental answer was served, alleging that Riley A. Brick survived said period of 15 years, and that under and by virtue of the aforesaid provision, became entitled to the amount of the insurance, and the interest of the said Hannah S. Brick therein ceased and terminated, and the plaintiff had no interest in or title to the said policy of insurance. There seems to be no doubt that at the end of the 15 years the husband, Riley S. Brick, then living, was the only one interested in the policy, or entitled to bring action upon it, and that the only interest of the wife was such as depended upon the death of the husband within the fifteen years. The case decided by the court of appeals was such as existed on July 16, 1885, when the complaint was served. At that time the 15 years had not expired. They expired on 3d August, 1887. The insurance commenced on the 3d August, 1872. Nor at the time of the trial which was reviewed by the court of appeals had the 15 years expired. The trial was on the 16th and 17th days of June, 1887. The court of appeals had before it, therefore, a case of a policy in which the wife continued to have an interest, and did not have before it a case in which it appeared that the 15 years had elapsed. They passed upon the facts as they were at the beginning of the action, and no supplemental answer having been made. If the plaintiff's testatrix had no interest in the policy, the judgment should not have directed that the defendant deliver it to the plaintiff, and the judgment should be modified by striking out such direction. The provision in the judgment that the assignment by Mr. Brick is void need not be disturbed. Judgment modified as directed in the opinion, and, as modified, affirmed, without costs of appeal to either party    All concur.