[No. 18302.  In Bank.—December 2, 1895.]

ELIZA   YORE   ET   AL., RESPONDENTS,   *v.*   A.   G. BOOTH, RECEIVER, APPELLANT.

LIFE INSURANCE—POLICY PAYABLE TO LEGAL HEIRS—POWER TO CHANGE BENEFICIARIES.—A person who procures a policy upon his life payable to a designated beneficiary, although he pays the premiums himself and keeps the policy in his exclusive possession, has no power to change the beneficiary unless the policy itself or the charter of the insurance company so provides; and this doctrine is applicable to a case in which the designated beneficiaries are the legal heirs of the person effecting the insurance.

ID.—RIGHTS OF BENEFICIARIES—VESTED INTEREST.—A beneficiary named or described in the policy of life insurance, although parting with nothing and simply the object of another's bounty, has a vested and irrevocable interest in the policy, which he may keep alive for his own benefit by paying the premiums or assessments, if the person who effected the insurance fails or refuses to do so.

ID.—ACTION UPON POLICY—DECLARATIONS OF DECEASED—HEARSAY.—In an action upon a policy of insurance, brought by the beneficiaries, after the death of the insured person, any declarations of the deceased, not made at the time of procuring the policy, or as part of the *res gestæ*, are hearsay and incompetent evidence.

ID.—STATEMENT AS TO AGE—PRESUMPTION—CONFLICTING STATEMENT.— A statement in the application for the policy as to the age of the insured is presumed to be true; and any different or contradictory statement as to his age in applications for other policies, or at other times, are hearsay, and cannot overcome such presumption.

Id.— Application for Another Policy — Signature for Widow.— An application for a different policy from the one in suit, signed by the husband, in the name of the widow, and not by her in person, although it would be competent evidence against her in an action upon the policy issued thereon, is not competent evidence in favor of another insurance company sued upon the policy in controversy, to show a different statement of the age of the insured, in the absence of proof that she was actually cognizant of the facts and statements made in the other policy.

Appeal from a judgment of the Superior Court of the County of Yuba and from an order denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

*Van Ness & Redman,* for Appellant.

The declarations of the deceased were competent evidence against the heirs, who had no vested interest until the death of the insured. (*Steinhausen* v. *P. M. A. Assn.,* 13 N. Y. Supp. 36; *Smith* v. *Society,* 4 N. Y. Supp. 521; *Mahaney* v. *M. R. F. Life Assn.,* 23 N. Y. Supp. 213.) Where there is a vested interest, declarations made prior to the issuance of the policy are admissible. (*Swift* v. *Massachusetts etc. Life Ins. Co.,* 63 N. Y. 186; Code Civ. Proc., sec. 1851.) The widow's acceptance of the Pacific Mutual policy made the statements therein admissible against her. (*New York Life Ins. Co.* v. *Fletcher,* 117 U. S. 519; *Richardson* v. *Maine Ins. Co.,* 46 Me. 394; 74 Am. Dec. 459.) Whether the statements contained in the application in suit be considered as warranties or representations, if they are in any respect untrue, there can be no recovery. (*Jeffries* v. *Mutual Life Ins. Co.,* 22 Wall. 47.)

*Forbes & Dinsmore,* and *Mastick, Belcher & Mastick,* for Respondents.

The declarations of Peter Yore as to his age were not competent evidence against plaintiffs. (*Union Cent. Life Ins. Co.* v. *Cheever,* 36 Ohio St. 201; *Washington Life Ins. Co.* v. *Haney,* 10 Kan. 525; *Mobile Life Ins. Co.* v. *Morris,* 3 Lea, 101; 31 Am. Rep. 631; *Rawls* v. *Ameri-*

*can* etc. *Ins. Co.*, 27 N. Y. 282; 84 Am. Dec. 280; *Mc-Ginley* v. *United States Life Ins. Co.*, 8 Daly, 390; *Fraternal* etc. *Life Ins. Co.* v. *Appelgate*, 7 Ohio St. 292; *Demings* v. *Supreme Lodge*, 14 N. Y. Supp. 834; *Dial* v. *Valley Mut. Life Assn.*, 29 S. C. 560.) The interests of the wife and children were vested. (Civ. Code, sec. 694.)

BEATTY, C. J.—This is an action by the widow and children of Peter Yore, deceased, to recover the amount of a policy on his life issued May 10, 1886, by the Bankers' and Merchants' Mutual Life Insurance Association, and made payable to his "legal heirs." The defendant is receiver of said association, and is appealing from a judgment in favor of the plaintiffs, and from an order denying his motion for a new trial.

The policy in question was issued upon a written application made by Peter Yore, and the action is defended upon the ground that in his application he stated that he was only fifty-six years of age when in fact he was older. At the trial the defendant, in order to prove the falsity of the statement as to age, offered in evidence: 1. An application made by the deceased to the Pacific Mutual Life Insurance Company in 1868 in which he stated that he was born in 1825; 2. A statement made in 1878 in an application to the Mutual Life Insurance Company of New York that he was born in 1829; 3. An entry on the great register of Sierra county made in 1879 showing that he was born in 1822. All this evidence was rejected upon the ground of incompetency.

I was at first inclined to regard this ruling as erroneous, but an examination of a large number of cases has convinced me that it is sustained at all points by the decided weight of authority. It seems to be the settled doctrine, with but slight dissent in the courts of this country, that a person who procures a policy upon his own life, payable to a designated beneficiary, although he pays the premiums himself, and keeps the policy in

his exclusive possession, has no power to change the beneficiary, unless the policy itself, or the charter of the insurance company, so provides. In other words, it is held that the beneficiary named in the policy, although he has parted with nothing, and is simply the object of another's bounty, has acquired a vested and irrevocable interest in the policy, which he may keep alive for his own benefit by paying the premiums or assessments if the person who effected the insurance fails or refuses to do so.

It is contended, however, that this doctrine is inapplicable to a case in which the designated beneficiaries are the "*legal heirs*" of the person effecting the insurance, because a living person has no heirs, and, therefore, it is argued no interest can vest in any one during his lifetime.

But this would seem to be a very technical ground for making a distinction in the application of a doctrine which, if it is a sound and wholesome one, ought to protect these plaintiffs, and others in like situation, as completely as if they had been named. It appears that when Peter Yore applied for his insurance he had a wife and a number of children living. If he had designated them by name, or the survivors of them, as his bene. ficiaries, and had added a proviso that any after-born child should come in for an equal share, we can see no reason why such designation would not have been effectual, and this, in legal effect, is what he did. If, in the case supposed, an interest in the policy would have vested in the named beneficiaries, as we think it would, the same interest vested in these plaintiffs on the issuance of the policy, and it was not in the power of Peter Yore thereafter to change the beneficiaries or revoke his benefaction. This precise point was so ruled in *Weisert v. Muehl*, 81 Ky. 336, and we have not been referred to any case holding the contrary.

From this it follows that, as to these plaintiffs, any declarations of the deceased, not made at the time of procuring the policy, or as part of the *res gestæ*, were

hearsay and incompetent. The authorities in support of this proposition are numerous, and need not be cited here.

It is, however, claimed that the application to the Pacific Mutual should have been admitted, because it was signed by Eliza Yore (the widow). But her name was so signed by her husband, and not by her in person. Undoubtedly, the statements made in that application would have been competent evidence against her in an action upon the policy issued thereon, but, in favor of a stranger, they are not evidence without proof that she was actually cognizant of them, and there was no such proof in this case.

The proof of death furnished by one of these plaintiffs was admitted in evidence, and contained a statement that the deceased was born in 1829. Appellant contends that, in the absence of any explanation or rebuttal, the court could not, in the face of this evidence, avoid finding that the statement of deceased that he was born in 1830 was false. We do not think, however, that this statement in the proof of death, wholly immaterial as it was, and evidently hearsay, was of such weight and cogency as necessarily to overcome the presumption in favor of the truth of the statement upon which the policy was issued. In view of these conclusions, the other points discussed by counsel became immaterial.

The judgment and order appealed from are affirmed.

McFarland, J., Garoutte, J., Harrison, J., Temple, J., and Henshaw, J., concurred.

Mr. Justice Van Fleet, deeming himself disqualified, did not participate in the foregoing.