ants in cases of this character are protected as fully and completely as though the constitutional amendment did not exist.

The judgment and order herein should be affirmed, with costs. So ordered. All concur.

(25 App. Div. 53.)

## TRAVELERS' INS. CO. v. HEALY et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1898.)

1. LIFE INSURANCE—POLICY HOLDER.

He who takes out a policy of life insurance, and pays the premium, is the policy holder, until after proper transfer, when the transferee becomes the holder.

2. SAME—SURRENDER OF POLICY.

When, by the terms of a life insurance policy, it was payable, upon the insured's death, to his wife if she should survive him, if she should not to their children, and if neither wife nor child should survive him then to his executor or administrator, subject to a clause which provided that the policy might be converted into cash. at the option of the holder, at any time after 15 years from its date, for the amount indorsed upon the back of the policy, if the holder should exercise his option he would become the beneficiary in the lifetime of the insured, to the exclusion of the wife and children.

3. SAME—CONSENT OF BENEFICIARIES.

The right of the insured to become the sole beneficiary of the policy, and dispose of such right without consulting his wife or children, is not impaired by Laws 1879, c. 248, providing that all policies of insurance heretofore or hereafter issued within the state upon the lives of husbands for the benefit and use of their wives shall be, from the passage of the act, assignable by said wife, with the written consent of her husband.

4. SAME—MATURITY.

It cannot affect the rights of various parties under a life insurance policy that, instead of fixing the exact period when an endowment shall mature, the policy gives the holder the option to fix it at any time after 15 years.

Appeal from special term.

Action of interpleader by the Travelers' Insurance Company against Ann Healy and others to determine their rights under a life insurance policy. From the judgment (44 N. Y. Supp. 1043), defendants appeal. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

William L. Learned, for infant appellants.
George R. Donnan, for appellants Peterson and Packer.
George H. Mallory, for appellant Ann Healy.
Patterson, Bulkeley & Van Kirk, for respondent.

LANDON, J. A majority of the court are of opinion that this action is maintainable, for the reasons stated by Mr. Justice Putnam upon the former appeal. 86 Hun, 524, 33 N. Y. Supp. 911. That conclusion having been reached, a majority of the court concur in the following opinion, and in the judgment directed.

If this action is maintainable, then I advise that the $740 be awarded to the defendant Ann Healy. The policy, at the option

of the holder, was convertible, under the terms of the eighth clause, into an endowment policy for his benefit. Alonzo H. Doty, in May, 1874, took out the policy, and paid the premiums for the 10 years thereafter, as required by its terms. He thus became the holder and owner of the policy. Garner v. Insurance Co., 17 Abb. N. C. 7. In common phrase, he who takes out the policy and pays the premiums is the policy holder. People v. Security Life Insurance & Annuity Co., 78 N. Y. 114; People v. Empire Mut. Life Ins. Co., 92 N. Y. 105. But, of course, by proper transfer, the transferee may become the holder. By its terms, Alonzo H. Doty's life was insured for $2,000, payable upon his death to his wife, Josephine, if she should survive him; if she should not survive him, then to their children surviving him; and, if neither wife nor child should survive him, then to his executors or administrators,—subject, however, to the eighth clause of the policy, which provided "that this policy may be converted into cash at the option of the holder at any time after the expiration of fifteen years from the date hereof, for the amount indorsed upon the back of the policy." Thus, if the holder should exercise the option, he would become the beneficiary in the lifetime of Alonzo H. Doty, and the wife, Josephine, and the Doty children, would cease to be beneficiaries, or, rather, never would become beneficiaries at all. The plaintiff, by the terms of the policy, held out to Alonzo H. Doty two inducements,—one, the provision for his wife or children, if he could get along without himself resorting to the policy in his lifetime; the other, that if he could not get along, if poverty or misfortune constrained him, he could himself, after 15 years passed, realize its cash value.

Alonzo H. Doty thus had the right to become sole beneficiary of the policy. It was a property right, and he could dispose of it without consulting either his wife or his children, since whatever interests they had were subject to the contingency that he, by exercising the option, could make his own right superior and absolute, and thereby cut off their contingent interests. Laws 1879, c. 248, as it seems to me, does not impair this right. It provides that "all policies of insurance heretofore or hereafter issued within the state of New York upon the lives of husbands for the benefit and use of their wives, in pursuance of the laws of the state, shall be from and after the passage of this act assignable by said wife with the written consent of her husband." To the extent that this policy was for the benefit and use of the wife, the written consent of the husband was necessary to her assignment of it; but, to the extent that it was for the benefit and use of the husband, it was not. Her written consent or assignment was not necessary. Nor need the husband's assignment be in writing. since at common law he could insure his own life to his own use, and, of course, dispose of his interest in it to his own advantage, without asking leave of his wife or children. Valton v. Life Co., 20 N. Y. 32. In Whitehead v. Insurance Co., 102 N. Y. 152, 6 N. E. 267, it is held that the interest of the wife and children in the policy becomes vested at the moment of its execution; but that is said with reference to

a policy taken out by the wife upon the life of her husband for her benefit, or, in case of her death before his, of their children, with no privilege in it for the husband to take the benefit to himself. This fact is emphasized in the opinion.   The contract is said to be about the husband, not with him.   See Walsh v. Insurance Co., 133 N. Y. 408, 31 N. E. 228.

Cases arising after the death of the husband upon policies insuring his life for the benefit of his wife or children, with no optional cash-converting provision in his favor in his lifetime, or, if so, with the option unexercised, are foreign to the case presented by this policy.   Here the claim of Ann Healy does not rest upon the wife's assignment, but upon the husband's assignment to her of his endowment interest therein, which cuts off every other interest. The policy is either an endowment policy or a life policy, at the option of the holder.   If the policy had said that, at the expiration of 15 years, $740 should be paid to Alonzo H. Doty or to the holder, in full for the insurance, the interest of the wife and children would then have ceased.   Miller v. Campbell, 140 N. Y. 457, 35 N. E. 651.   It can make no difference that, instead of fixing the exact period when the endowment shall mature, the policy gives the holder the option to fix it at any time after 15 years.   That is certain which can be made so, and, as in this case, has been made so.   What was said in Brummer v. Cohn, 86 N. Y. 11, about the nonassignability by the wife of an endowment policy, had reference to a policy payable to herself in the event of her surviving her husband, or surviving the term of the insurance, and none whatever to a husband's assignment of his own separate and superior interest in an endowment policy, the endowment being payable to him if he survived the term of the insurance.   By the transfer to Ann Healy, she became the owner and holder of the policy.   Marcus v. Insurance Co., 68 N. Y. 625; St. John v. Insurance Co., 13 N. Y. 31.   Every person holding collateral security has the right to use it in whatever lawful way he can make it most effectual as security, and the only lawful way open to Ann Healy to make it most effectual was to exercise the option to convert the policy into cash.   That right of convertibility was the only feature which gave the policy any value to her, and, of course, it passed to her with the transfer by the husband of the policy, expressed and inhering in it.

Whether the delivery of the policy to Ann Healy was an assignment or a pledge is immaterial.   The amount of her lien upon it is greater than $740, its endowment value at the time she exercised her option.   The plaintiff admits in this action that, if she is entitled to recover, she is entitled to recover $740, and, that being so, there is no residue for the other claimants.   If the transfer was a pledge, the pledgor, Alonzo H. Doty, is the only person who had a pledgor's right to redeem, or to insist upon a sale of the policy; and these Ann Healy offered to show that he had waived by a subsequent assignment to her, in which his wife united.   It is enough that they concern no other party to the action.

Judgment modified by directing judgment for defendant Ann-

Healy for the fund brought into court, with costs against the plaintiff in the several courts, and enjoining the prosecution of her separate action against the plaintiff, and with judgment in favor of the plaintiff against the other defendants, declaring that they have no interest in the policy, with costs in favor of the plaintiff against the defendants Peterson and Packer, and in favor of the infant defendants, against the plaintiff, for the costs as awarded below, with the disbursements upon this appeal.   All concur.