### In re DREUIL & CO.

(District Court, E. D. Louisiana. April 8, 1915.)

#### No. 1725.

1. BANKRUPTCY ⬯143—TITLE OF TRUSTEE—LIFE INSURANCE POLICIES.
   Only the cash surrender value of a life insurance policy as of the date of the adjudication passes to insured's trustee in bankruptcy.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. ⬯143.]

2. INSURANCE ⬯586—LIFE INSURANCE—VESTED INTEREST OF BENEFICIARY.
   Under an endowment insurance policy providing for payment of the amount thereof at the expiration of 20 years to insured or his executors, administrators, or assigns, with a proviso that if insured dies within such period payment is to be made to his wife if she survives him, the wife has a vested right in the policy, of which she cannot be deprived without her consent.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. ⬯586.]

3. BANKRUPTCY ⬯143—TITLE OF TRUSTEE—LIFE INSURANCE POLICIES.
   Upon the bankruptcy of the holder of such a policy, the rights in the policy of the bankrupt and the beneficiary may be determined by an actuary under the principles applying to life insurance generally, and the interest of the bankrupt may then be sold unless redeemed by him.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. ⬯143.]

In Bankruptcy. In the matter of Dreuil & Co., bankrupts. On appeal by the trustee from an order of the referee. Order amended and affirmed.

Hall, Monroe & Lemann, of New Orleans, La., for trustee.
Charles A. Butler, of New Orleans, La., for bankrupts.

FOSTER, District Judge. In this case it appears that the members of the bankrupt firm, Joseph and Raymond Dreuil, surrendered certain policies of life insurance, and subsequently their wives proceeded against the trustee by way of rule to have the said policies turned over to them as their paraphernal property. The referee's judgment as to some of the policies is not objected to, but with regard to certain policies in the Penn Mutual Life Insurance Company of Philadelphia the referee found that these policies had cash surrender values which the trustee might recover, but that the wives also had vested interests in the cash surrender values of these policies, of which they could not

be divested, and directed the trustee to ascertain the relative equities and make distribution accordingly. From this order the trustee has appealed.

The policies in question are known as endowment policies, and the full amount is made payable at the expiration of 20 years to the insured, or his executors, administrators, or assigns, with the proviso that, if the insured die before this date, payment is then to be made to his wife (naming her) if she survive him. The policies provide for certain loan and cash surrender values, and it is shown that the company has actually loaned certain sums to the bankrupts on all of them, but there is a further cash surrender or loan value on each of them.

[1] It may be considered settled that only the cash surrender value of a life insurance policy passes to the trustee, and this must be ascertained as of the date of the adjudication. Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771; Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148; Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154.

[2] In so far as the law of Louisiana is concerned, it may also be considered settled that where a policy is of the semitontine variety, as in this case, the beneficiary has a vested right in the policy, of which she cannot be deprived without her consent. Lambert v. Penn Mutual Life Ins. Co., 50 La. Ann. 1027, 24 South. 16.

[3] And where the policy is terminated before its maturity, the rights of both the insured and the beneficiary may be determined by an actuary under the principles applying to life insurance generally. Carr v. Hamilton, 129 U. S. 252, 9 Sup. Ct. 295, 32 L. Ed. 669.

The decision of the referee in this case was correct and in keeping with the weight of authority, though there are cases to the contrary. The trustee will probably experience no difficulty in inducing the actuaries of the company to work out the relative interests of the beneficiary and the bankrupt, and when that is done the bankrupt may be granted the right to redeem the policy within 30 days, in default of which the trustee will be directed to sell his interest in the policy.

The order of the referee will be amended to conform to the above views, and, as amended, will be affirmed.