[Sac. No. 2329.  In Bank.—August 25, 1915.]

## CELIA MAY SIMMONS, Appellant, v. DWIGHT H. MILLER, Respondent.

INSURANCE LAW—SEMI-TONTINE POLICY—RIGHTS OF BENEFICIARY AND INSURED—SEPARATION AGREEMENT OF HUSBAND AND WIFE.—Where a semi-tontine life insurance policy, in which the tontine dividend period was twenty years, contained the usual covenants and provided that if the insured should die within any time during the existence of the policy, the insurance company would pay to the beneficiary (the insured's then wife) the sum named, but also provided that upon the completion of the tontine dividend period, provided the policy should not have been terminated by lapse or death, the assured and his assigns, if creditors, should, without the consent of any other person named as beneficiary, have certain options, one of which was to surrender the policy and receive therefor in cash its entire share of assets, that is, accumulated reserve, together with the surplus apportioned, which reserve the company guaranteed should not be less than a certain named sum, in addition to said surplus, the interest in the accumulations of the policy after the period of twenty years from its issuance was property "standing in the name of" the assured which he was entitled to under a separation agreement between himself and his wife (the beneficiary), which conveyed to him all property standing in his name.

ID.—CONSTRUCTION OF POLICY—SEPARATE PROVISIONS.—The part of such policy providing for insurance and payment of the principal sum to the beneficiary in the event of the death of the insured within a certain period of years is separate and distinct from the contract to pay the "surrender value" to the insured if he should outlive that term.

ID.—SURRENDER VALUE—UNCERTAINTY IN AMOUNT.—In such a case the uncertainty of the amount which the insured was to receive at the expiration of the period of twenty years does not alter the situation in any respect, as that amount was a property right standing in the insured's name; and it is also immaterial whether the property at the expiration of the period was separate or community property, as it was a chose in action due at that time, which the wife surrendered her rights in by her contract.

ID.—INTEREST OF ASSURED—ASSIGNABILITY OF.—The authorities fully sustain the proposition that the interest of the assured in such a case may be assigned before maturity.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

R. T. McKisick, and Downey, Pullen & Downey, for Appellant.

White, Miller, Needham & Harber, for Respondent.

MELVIN, J.—Plaintiff and defendant were formerly wife and husband, but they were divorced in 1911. In 1913 a twenty-year semi-tontine policy of insurance on defendant's life matured and exercising an option given him under the contract he surrendered the policy to the company which had issued it and received the sum of $3,174.53. The plaintiff sued for her alleged community interest in this money. At the trial of the cause, after issue joined, plaintiff's proofs were offered and thereupon defendant's motion for nonsuit was granted. Judgment was entered in defendant's favor. From said judgment and from an order denying her motion for a new trial the plaintiff appeals.

The divorce was preceded by an agreement respecting the property of the husband and wife. By this contract they attempted to settle and adjust all of their property rights. It was an elaborate and carefully drawn document whereby each party surrendered all interest in certain properties in favor of the other. It is unnecessary to analyze this instrument as only the fourth stipulation is pertinent to this discussion. By it the agreement was made that all property, real or personal, *"standing in the name of"* Mr. Miller, except the properties "specifically described" in the foregoing part of the writing should be "treated and considered as his separate property," and that his wife should have "no right or interest or ownership therein." She also granted, bargained, sold, and conveyed, by the terms of the contract all of her "right, title, interest, and ownership in and to all property *standing in the name*" of her husband.

The contract of insurance was a semi-tontine policy. The tontine dividend period was twenty years. It contained the usual covenants and provided that if the insured, Dwight H. Miller, should die at any time within the existence of the policy the insurance company would pay to the beneficiary (the plaintiff here) the sum of five thousand dollars. But it was also provided by the terms of the policy that upon the completion of the tontine dividend period, provided the policy should

not have been terminated by lapse or death, the assured and *his assigns,* if creditors, should "*without the consent of any other person named . . . as beneficiary*" have certain options. One of these was (to quote directly from the document): "to surrender this policy and receive therefor in cash its entire share of assets, that is, accumulated reserve, together with the surplus apportioned, which reserve the company guarantees shall not be less than twenty-one hundred forty-two and 85-100 dollars, in addition to said surplus."

The sole question to be determined is whether or not the interest in the accumulations of the policy after the period of twenty years from its issuance was property standing in the name of Mr. Miller.

Respondent contends that although the right to receive the insurance in the event of Mr. Miller's death during the twenty years remained in the appellant (that being property which stood in her name and therefore, under the contract with respondent, her separate property), the right to receive personally the cash surrender value of the policy in the event that he should live more than twenty years, was property standing in *his* name and moreover was property which by the terms of the contract of settlement between husband and wife became his separate property. With this contention we are in full accord. The part of the policy providing for insurance and payment of the principal sum to the beneficiary in the event of the death of the insured within a certain period of years is separate and distinct from the contract to pay the "surrender value" to the insured if he should outlive that term.

In *Union Central Life Insurance Co.* v. *Woods,* 11 Ind. App. 335, [37 N. E. 180], the court was considering the respective rights of the insured and the beneficiary under a contract of insurance which, in its essential features, was similar to this. In the course of the opinion the court said: "If the policy be one of endowment, payable to the husband, if living at the end of the endowment period, or to the wife, if the insured should die during such period, and she be then living, the title to the policy does not vest absolutely in the wife upon the execution of the policy, nor, indeed, until the husband's death, during such period, and the husband retains at least a qualified interest in and title to the policy during his lifetime."

Another policy very similar to this was under consideration by the court in *Wallace* v. *Mutual Benefit Life Insurance Co.,*

97 Minn. 27, [3 L. R. A. (N. S.) 478, 106 N. W. 84]. That was an action by which the husband sought, after divorce, but before the passing of the twenty years necessary for the maturity of the policy, to deprive the wife of all interest therein by reason of an agreement for settlement somewhat similar to the one which we are here considering. The court in discussing the interests of the parties to the action said:

"As soon as the policy was issued Mrs. Wallace acquired a vested interest therein, of which she could not be deprived without her consent, except under the terms of the contract with the insurance company. No right to change the beneficiary was reserved. Her interest in the policy was her individual property, subject to be divested only by her death, the lapse of time, or by the failure of the insured to pay the premiums. She could keep the policy alive by paying the premiums, if the insured did not do so. It was contingent upon these events but it was free from the control of her husband. He had no interest in her property in this policy, contingent or otherwise. Her interest was free from any claim on the part of the insured or his creditors. He could deprive her of her interest absolutely in but one way, by living more than twenty years. We are unable to see how the plaintiff's interest in the policy was primary or superior to that of the husband. Both interests were contingent, but they were entirely separate and distinct, the one from the other." (See, also, *Miller* v. *Campbell*, 2 Misc. Rep. 518, [22 N. Y. Supp. 388]; *McDonough* v. *Aetna Life Ins. Co.*, 38 Misc. Rep. 625, [78 N. Y. Supp. 217]; *Levy* v. *Van Hagen*, 69 Ala. 17; *Tennes* v. *Northwestern Mutual Life Ins. Co.*, 26 Minn. 271, [3 N. W. 346]; *Miller* v. *Campbell*, 140 N. Y. 457, [35 N. E. 651]; *Travelers' Ins. Co.* v. *Healy*, 25 App. Div. 53, [49 N. Y. Supp. 29]; *Townsend's Assignee* v. *Townsend*, 127 Ky. 230, [16 L. R. A. (N. S.) 316, 105 S. W. 937].)

Nor does the uncertainty of the amount which the insured was to receive at the expiration of the period of twenty years alter the situation in any respect. The right to receive the "surrender value" of the policy, whatever that might be, was a property right standing in his name—not in the name of the appellant. It is also immaterial whether or not the contract for the payment of the value of the policy at the expiration of twenty years was separate or community property. It was a chose in action, not due until the expiration of the

twenty years, and it stood in Mr. Miller's name exclusively. If it was community property plaintiff could and did surrender all of her interest in it by the contract of settlement of property rights into which she and Mr. Miller entered.

The authorities cited above fully sustain the proposition that the interest of the assured may be assigned before maturity, and it follows inevitably that such interest must be property *standing in his name.* Otherwise he could not make a valid assignment of it.

From the foregoing it follows that the judgment and order from which plaintiff has appealed must be affirmed and it is so ordered.

Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.