374    Caplin v. Penn. Mutual Life Insurance Co.

Supreme Court, June, 1917.        [Vol. 100.

---

Harry Caplin, Plaintiff, v. Penn. Mutual Life Insurance Company, Defendant.

(Supreme Court, Kings Trial Term, June, 1917.)

Insurance (life) — provisions of policy of — insured may not revoke or change beneficiaries — may not borrow upon policy to full loan value.

Where a policy of life insurance in terms discloses a positive intent that the fund created thereby shall not be trenched upon by the beneficiaries, and such intent is further emphasized by the affirmative and positive disavowal of the right of the insured to revoke or change the beneficiaries, the rights created under the policy are intended as and for a permanent trust fund to be paid out and administered as provided by the policy, and neither the insured nor his assignee can borrow upon the policy to the full loan value thereof.

ACTION upon policies of life insurance.

Jonas, Lazansky & Newburger, for plaintiff.

Winthrop & Stimson and A. W. Levy, for defendant.

MANNING, J.   The material facts in this case are not in dispute, the real controversy having to do with the proper construction of certain clauses contained and set forth in two policies of life insurance issued by the defendant company to one Harry Caplin on March 26, 1913.   One of the policies was for $40,000 and the other for $20,000.   Both policies are identical in form and terms and vary only as to amount and premiums.   No particular beneficiary was designated, the company only being obligated to pay the amount " unto the beneficiaries named and in accordance with the provisions of clause 17 on page 3."   The beneficiary provisions are as follows:   In the $40,000 policy clause 17 provides that on the death of the insured the company shall retain the principal amount of the policy and pay interest on the same to May F. Caplin, niece of the insured, during her life, and on her death or on the death of the insured, in case the said May F. Caplin predecease the insured, the proceeds of the policy are to be paid to the issue of the said May F. Caplin in equal shares, and, if she die without issue, then the proceeds are to be held for the life of Stella L. Caplin, another niece, for her life, and on her death the proceeds are to be paid to her issue.   Under the $20,000 policy the beneficiary clause is similar except that the first interest is to go to Stella for life, the remainder to her issue, and, in case of Stella dying without issue, May and her issue are to take.   Both of said nieces are still infants under the

age of twenty-one years. The policies also contain a provision reading as follows: " *The right of revocation is not reserved by the insured.*" There is in each of the policies a further provision concerning the matter of loans to be made upon the same which read in part as follows: " Loans. After three full years' premiums have been paid, the company at any time while the policy is in force will advance on proper assignment of the policy and on the sole security therof, at five per cent interest, a sum at the option of the insured or owner of the policy, equal to or less than the full reserve at the end of the current year on the policy." It appears that the cash or surrender value of the $40,000 policy is now approximately $8,560, and of the $20,000 policy, $4,280. It further appears that if these policies shall lapse by reason of the non-payment of premiums they would automatically be extended for the benefit of the beneficiaries for nearly sixteen years, and if the insured, Harry Caplin, should die during said sixteen years, the beneficiaries would be entitled to the full benefit of the insurance. Accordingly it conclusively appears that the infant beneficiaries have a very substantial interest in the amount represented by the value of the policies in question. The insured, Harry Caplin, has assigned all of his right, title and interest in the policies to his brother, the plaintiff in this suit, who now claims ownership of said policies and contends that as such owner he is entitled to procure from the company the full amount of the loan value of said policies, without the consent of or assignment from the beneficiaries. The contention of the company is that the beneficiaries are the owners within the provisions of the policies, especially as no right of revocation nor the right to change the beneficiary has been reserved by the insured, which is the true situation here. In other

words, the company contends that the beneficiaries are given a vested interest in these policies and their proceeds and that neither the insured nor his assignee can in any manner invalidate, reduce or destroy such right, claim or interest. The company assumes the position that as the insured has no right to directly revoke the designation of the beneficiaries or to change them he cannot, by an indirect method of borrowing the full loan value on said policies, accomplish the same purpose and thus destroy the value of the policies to the injury of the persons for whose benefit the right was created. The plaintiff answers that he is the owner and that as such owner he has the right to borrow without being questioned by the company. I do not agree with him. There is no question but that it is a well known and established principle of life insurance law that a beneficiary takes a vested interest in a policy the moment it is issued, and that where there is no right of revocation or change reserved the insured cannot by assignment thereof, or any other act, invalidate or destroy the policy. See *Matter of Booth,* 11 Abb. N. C. 145; *Carpenter* v. *Negus,* 17 Misc. Rep. 172; *United States Trust* v. *Mutual Ben. L. Ins. Co.,* 115 N. Y. 152; *Fowler* v. *Butterly,* 78 id. 68; *Ferguson* v. *Insurance Co.,* 84 Vt. 350; *Atkins* v. *Atkins,* 70 id. 565; *Ricker* v. *Charter Oak Life Ins. Co.,* 27 Minn. 193; *Chapin* v. *Fellows,* 36 Conn. 132; *Mutual Life Ins. Co.* v. *Allen,* 113 Ill. App. 89; *Lawrence* v. *Penn. Mutual Life Ins. Co.,* 113 La. 87; *Packard* v. *Conn. Mutual Life Ins. Co.,* 9 Mo. App. 469; *Hubbard* v. *Stapp,* 32 Ill. App. 541; *Manhattan Life Ins. Co.* v. *Smith,* 44 Ohio St. 156. The rights of beneficiaries may be questioned as to whether they are known as the vested rights. Of course the right to some extent is con-

tingent because the beneficiaries must necessarily survive the death of the insured, but if they do so survive then their right to the proceeds is a vested one, and it is in this sense that the term " vested " is referred to in the authorities, and it is just such a right that cannot be destroyed save by the consent of the beneficiaries, unless the power to do so is expressly reserved in the policy. The question, however, regarding the power to change the beneficiary is not before me in this case. The only question is, Can the insured or, in this case, his assignee borrow upon the policies to the full loan value thereof? Counsel on his behalf seems to rely mainly upon the case of *Travelers' Ins. Co.* v. *Healey,* 25 App. Div. 53, and argues that the *Healey* case is decisive of the present issue. I do not so regard it. The decision in that case does not go beyond the facts in the case itself, and the written instrument therein construed was entirely different in phraseology from the policies in the case at bar. In the *Healey* case the question involved was the meaning of the word " holder," as it appeared in the single clause of the policy. In the present case the words used are " insured or owner," and these words must be used and interpreted with reference to many other provisions of the policies in question where the words " insured, owner, beneficiary " are used in different connections. The main question, in my opinion, is one of intent, and if the provisions of article or clause 17 of these policies are carefully read and noted it will be apparent that even standing alone they disclose a positive intent that the fund created by the policies shall not be trenched upon even by the beneficiaries, and this intent is further emphasized by the affirmative and positive disavowal of the right of the insured to revoke or change the beneficiaries. The rights created by these contracts

of insurance are, in my opinion, intended as and for a trust fund, a permanent fund to be paid out and administered as in the policies provided. No such situation was present in or conceived by the *Healy* case, and therefore it is not a controlling authority. The plaintiff is not entitled to the relief he prays for in this case, and accordingly his complaint must be dismissed and judgment rendered for the defendants, with costs.

Ordered accordingly.