[Civ. No. 5403.   First Appellate District, Division Two.—November 1, 1927.]

JOSEPHINE DENIKE, Appellant, v. ISABELLE DENIKE et al., Defendants; ISABELLE DENIKE, Respondent.

A. Kincaid and Jos. R. Fitzpatrick for Appellant.

W. P. Caubu for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment against the beneficiary named in an endowment policy of insurance which contained no provision for substitution of beneficiaries. The judgment was rendered on the theory that the interest of the beneficiary had been assigned and relinquished, which is without support in the record.

July 19, 1906, the Metropolitan Life Insurance Company of New York issued a twenty-year endowment policy of insurance for the payment of five hundred dollars on the life of Willitt Denike, naming his mother, Josephine Denike, as beneficiary thereof. The policy contained no provision for changing the beneficiary at the option of the insured, except in the event of the death of the beneficiary. The policy provided that if the insured should die within the period of twenty years, the policy would be paid to the plaintiff, Josephine Denike, "if living, or otherwise to the beneficiary designated by the insured, after her death." The only other provision of the policy with reference to the changing of the beneficiary was the condition that "if the beneficiary under this policy shall die previous to the death of the insured . . . this policy shall revert to the insured . . . who may subsequently designate another beneficiary. . . . "

The insured was nineteen years of age and was living with his mother at the time this policy was issued. She retained possession of the policy for ten years, paying the premiums thereon. June 2, 1917, the insured married the respondent Isabelle Denike, and subsequently removed his personal belongings from his mother's home, including the policy, which had been kept among her private papers. August 22, 1917, he signed a written request for the insurance company to pay the proceeds of said policy, in the event of his death, to his wife, Isabelle Denike. This request was accompanied with a signed acceptance on the part of his wife. Upon forwarding this request to the insurance company, the proposed change of beneficiaries was refused by the company upon the ground that it was necessary for

the insured to first procure the consent of the beneficiary named in the policy. This consent the beneficiary refused to grant, and it was never obtained. August 16, 1922, the insured was committed to the Napa State Hospital for the Insane, where he remained as an inmate until his death, which occurred March 6, 1924.

Demand was subsequently made upon the insurance company by the respective claimants for the payment of the policy, upon the refusal of which this action was commenced to determine the ownership of the proceeds of the policy. By consent of respective parties the proceeds of this policy was paid to the clerk subject to final disposition by the court, and the action was then dismissed against the insurance company. Upon trial, the court found that the plaintiff had "assigned, transferred, surrendered and relinquished all her right, title and interest in the policy," and thereupon rendered judgment in favor of the defendant Isabelle Denike. There is no evidence to support an assignment of the beneficiary's interest in the policy.

The sole question involved in this appeal is whether, under an ordinary life insurance policy which contains no reservation of right to change the beneficiary, a substitution may be made by the insured without the consent of the beneficiary named in the policy. This question is scarcely open to controversy.

█ If the insurance policy specifically reserves to the insured the right to change the beneficiary, this may be done without the consent of the beneficiary named in the policy, for under such circumstances the beneficiary secures no vested rights. (*Estate of Castagnola*, 68 Cal. App. 732 [320 Pac. 188]; 14 R. C. L. 1388, sec. 554; 4 Cooley's Insurance Briefs, 3755.) █ But in an ordinary life insurance policy which contains no reservation authorizing the insured to substitute beneficiaries, this may not be done without the consent of the beneficiary named in the policy, who, by the very designation as beneficiary, acquires a vested right in the policy. (*Yore* v. *Booth*, 110 Cal. 238 [52 Am. St. Rep. 81, 42 Pac. 808]; *Simmons* v. *Miller*, 171 Cal. 23 [151 Pac. 545]; *Griffith* v. *New York Life Ins. Co.*, 101 Cal. 627 [40 Am. St. Rep. 96, 36 Pac. 113]; 14 R. C. L. 1388, sec. 554; 4 Cooley's Insurance Briefs, 1355, 1359; 7 Cooley's Insurance Briefs (Supplement), 1355–1359; *Mutual Life*

*Ins. Co.* v. *Sweet,* 222 Fed. 200 [Ann. Cas. 1917B, 298]; *In re Drewil,* 221 Fed. 796.) In the case of *Yore* v. *Booth, supra,* Mr. Justice Beatty says: "The decided weight of authority (holds that) a person who procures a policy on his own life, payable to a designated beneficiary, although he pays the premium himself, and keeps the policy in his exclusive possession, has no power to change the beneficiary, unless the policy itself, or the charter of the insurance company so provides. . . . The beneficiary named in the policy, although he has parted with nothing, and is simply the object of another's bounty, has acquired a vested and irrevocable interest in the policy."

In the instant case the appellant acquired both a legal and an equitable interest in the policy, first by virtue of having been originally named by the insured as beneficiary, and second by the subsequent payment of premiums for a period of ten years. Since the policy made no provision for changing the beneficiary, appellant could not be divested of her interest in the policy without her consent.

Respondent relies upon the case of *Jory* v. *Supreme Council A. L. H.,* 105 Cal. 20 [45 Am. St. Rep. 17, 26 L. R. A. 733, 38 Pac. 524]. This case involved a mere certificate of a mutual benefit society, and not a standard policy of a regular insurance company. The by-laws of the mutual society specifically provided that a member in good standing might surrender his certificate at any time, and have a new one issued, payable to any beneficiary whom he desired to designate. In the opinion, Mr. Justice Garoutte said: "For the purpose of changing the beneficiary the insured complied in detail with every rule of the society, save the single one of surrendering the certificate, and this she was unable to do after using due diligence to that end."

An entirely different rule prevails with respect to the right of an insured to change his beneficiary under the provisions of a regular standard life insurance policy and a mere certificate in a mutual benefit society. In the former the beneficiary immediately acquires vested rights, while in the latter such rights accrue only upon the death of the insured.

In 4 Cooley's Insurance Briefs, 3758, it is said: "The interest of a beneficiary in the certificate on the life of a

member of a beneficial society is a mere expectancy, which becomes vested only on the death of the insured.'' Likewise, in 14 R. C. L. 1388, it is said: ''A different rule (from that covered by an ordinary life insurance policy) applies in practically every jurisdiction with reference to the certificates of benefit societies. Owing to the fact that the beneficiary in such a certificate has no vested right therein, it is the general rule that a member of such a society may change the beneficiary in the absence of some restriction in the certificate or laws of the society, and of course a member's rights are clear where the right to change the beneficiary is reserved.''

In the Jory case, above cited, the by-laws authorized the change of beneficiary, while in the instant case no such right was reserved in the policy, or otherwise.

The judgment is therefore reversed.

Koford, P. J., and Sturtevant, J., concurred.