## Ruff *versus* Ruff.

85    333<br>29 SC  207

Where the judgment in an attachment suit is in favor of the garnishee the defendant therein is not thereby precluded from again bringing suit against said garnishee for the same subject-matter.

October 24th 1877.   Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.   AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Westmoreland county:* Of October and November Term 1877, No. 135.

Debt on bond with warrant of attorney by C. P. Ruff, for use of William Hillis, against Michael Ruff.

On the 1st of August 1868, Michael Ruff gave his judgment note to C. P. Ruff for $1000, payable in six years, with interest, and delivered the same to the said C. P. Ruff.

On the 20th day of February 1874, C. P. Ruff assigned said judgment note to William Hillis for a valuable consideration. Afterwards, Hillis, on the 28th of February 1874, caused a judgment to be confessed thereon in the Court of Common Pleas of Westmoreland county, at No. 185, May Term 1874, in favor of the said William Hillis.

Prior to the assignment aforesaid, Thomas J. Barclay, at No. 279, May Term 1870, issued an attachment execution against C. R. Painter, C. P. Ruff and E. J. Keenan, with notice to the said Michael Ruff, as garnishee, upon which attachment an issue was directed, and the case was tried in the Court of Common Pleas of Westmoreland county, with Thomas J. Barclay, as plaintiff, and Michael Ruff, garnishee, as defendant, resulting in a verdict and judgment for the defendant.

Whereupon the said Michael Ruff, on the 22d of April 1874, obtained a rule to show cause why the said judgment, at No. 185, May Term 1874, should not be opened, and he allowed to make

[Ruff *v.* Ruff.]

defence thereto. On the 24th of March 1875, the said rule was made absolute, the lien of the judgment to be preserved.

On the 5th of July 1875, Michael Ruff filed the following special plea: And now, to wit, July 5th 1875, the defendant pleads that the said plaintiff ought not to have and maintain his action against him, because that, at No. 277, May Term 1870, attachment execution issued out of the Court of Common Pleas of Westmoreland county, wherein Thomas J. Barclay is plaintiff, and C. P. Ruff and E. J. Keenan are defendants, with notice to the defendant as garnishee, the debt secured by the note upon which this suit was, inter alia, attached on 22d March 1870, and it was so proceeded upon that on the 9th September 1874, the said court directed a feigned issue to try and determine whether the said Michael Ruff, the defendant, was indebted to the said C. P. Ruff, the plaintiff, on 22d March 1870, and directed that Thomas J. Barclay should be plaintiff, and the said Michael Ruff, defendant, which issue, in pursuance of said order, was made up by the parties, on the 25th September 1874; and, whereas, also at the said Court of Common Pleas of November Term 1874, the said issue came on for trial, and was so proceeded upon, that on the 28th November 1874, there was a verdict and judgment for the defendant, Michael Ruff— that he was not indebted in any manner to the said C. P. Ruff— at the time aforesaid, to wit: on 22d March 1870; to wit: after the date of the note in suit. Whereupon he prays judgment whether the said plaintiff ought to have and maintain his said action against him.

To this special plea the plaintiff demurred, and, after argument upon the demurrer, the court, Logan, P. J., entered judgment for the defendant, holding that the judgment and recovery in the issue between Barclay and Michael Ruff was a bar to the recovery by Hillis in the present action.

The plaintiff took this writ, assigning this action of the court for error.

*A. A. Stewart, H. D. Foster* and *McAfee & Atkinson,* for plaintiff in error.—The plaintiff in this action, being neither a party nor privy, could not be heard in the determination of the action of Barclay *v.* Painter *et al.,* and therefore is not concluded from recovery in this action: Breading *v.* Siegworth, 5 Casey 396; Tams *v.* Bullitt, 11 Id. 311.

To make a former verdict and judgment conclusive, it must be between the same parties. The party must have had a right to appear and be heard: 1 Starkie Ev., part 2, §§ 57, 60; 1 Greenleaf Ev., §§ 523, 8; Hart's Appeal, 8 Barr 37; Carmack *v.* Commonwealth, 5 Binn. 184; Respublica *v.* Davis, 3 Yeates 128; Timbers *v.* Katz, 6 W. & S. 290; Bratton *v.* Mitchell, 3 Barr 49; Hurst *v.* McNeil, 1 Wash. C. C. 70; Hamm *v.* Beaver, 7 Casey

[Ruff v. Ruff.]

58; Mer. Ins. Co. v. Algeo, Id. 446; Ihmsen v. Ormsby, 8 Id. 198; Childs v. Digby, 12 Harris 26.

*Cowan & Hazlett* and *H. C. & J. A. Marchand*, for defendant in error.—C. P. Ruff, having been a party to the attachment execution, was barred by the verdict and judgment in favor of Michael Ruff, the garnishee, because in that trial the subject-matter in dispute was legally determined against him, and he having no right to assign it to Hillis, the latter took nothing by the assignment. Here the judgment on the attachment execution was by a court of competent jurisdiction, on the same subject-matter, between the same parties and for the same purpose. The plea is therefore good: Aspden v. Nixon, 4 How. 467.

Mr. Justice GORDON delivered the opinion of the court, January 7th 1878.

William Hillis having taken the assignment of the judgment note, executed by Michael Ruff in favor of C. P. Ruff, after the issuing of the attachment by Barclay, can have no other or better standing in this controversy than his assignor. We may treat the matter, therefore, as between the original parties to the note. It appears, from the statement we have before us, that Thomas J. Barclay, to May Term 1870, issued an attachment, from a judgment he then had against C. P. Ruff and others, with notice to Michael Ruff, the defendant in the case now trying, as garnishee. Upon this attachment the court directed an issue with Barclay as plaintiff and the garnishee as defendant. A trial was had, in due course, which resulted in a verdict and judgment for the defendant. This established conclusively, as to the parties to the issue and their privies, that Michael Ruff had, in his hands, no money, goods or effects of any kind, belonging to C. P. Ruff.

The one question for us to resolve is, was C. P. Ruff, by reason of his having been served with the writ of attachment, such a party or privy to this issue as would make the judgment therein binding on him? If he is so bound, the demurrer to the defendant's plea in bar was well ruled by the court below; if not, that ruling was erroneous. But if he was such a party, then should he have been included in the issue and the jury should also have been sworn as to him; this, however, was not done; and why not? The answer is, because he had no standing as a party against the garnishee, and was, therefore, properly excluded from a participation in the trial. If he had aught to say against the judgment, from which the attachment issued, he might have pleaded and had issue; it is, that he might have such opportunity, that the Act of Assembly directs that notice be given the debtor, if he is in the county. With such trial, however, the garnishee has no concern, neither is it a prerequisite to a trial against him: McCormac v. Hancock, 2 Barr

[Ruff v. Ruff.]

310.   It is thus apparent that the two issues are quite distinct, and that whilst in the latter, the garnishee has no interest, in the former the debtor has none, and so may not intervene either to direct or control it.   So completely does his interest antagonize that of both the contending parties that, even before the Act of 1869, he might have been a witness for either : Gemmill v. Butler, 4 Barr 232.   Again, it is not correct to assume that the attaching creditor stands, in all respects, in the place of the debtor as to the goods and credits attached ; for, if such were the case, then would a judgment, for or against the garnishee, be conclusive, not only as to the debtor, but also as to his creditors.   Such, however, is not the case as to creditors or trustees in insolvency : Breading v. Siegworth, 5 Casey 396 ; Tams v. Bullitt, 11 Id. 308.

What shall we say, then ; that the debtor is concluded by the result of an issue in which he has no interest ; from which by legal rule he is excluded ; in which he cannot be heard, except as a witness, and which does not conclude his creditors ?   This proposition contains in itself its own answer.   If one is to be concluded by a judgment he must have his day in court; some say in, and control over, the trial.   But C. P. Ruff had neither control over nor say in the issue between Barclay and the garnishee.   Barclay might have permitted the case to go by default; he might have discontinued, or he and the garnishee might have compromised, and C. P. Ruff could not have intervened to prevent either.   He was literally barred out of the case, and for the sufficient reason that he was no party to it; hence, by all rule, he is not concluded by the judgment resulting from its trial.

The judgment of the court below is reversed, and it is ordered that judgment be entered, on the demurrer, for the plaintiff for the amount of the original judgment, with interest to this date (January 7th 1878), to be liquidated by the prothonotary of the Court of Common Pleas of Westmoreland county.