(38 Misc. Rep. 625.)

## McDONOUGH et al. v. ÆTNA LIFE INS. CO.

(Supreme Court, Trial Term, Clinton County. September, 1902.)

1. LIFE INSURANCE—ACTION ON POLICY—ANSWER.

In an action on a life policy, the insurance company, by its answer, denied any information sufficient to form a belief as to whether plaintiff's intestate was the owner of the policy in suit. *Held*, that under such answer the company could show that, before the intestate acquired any rights in the policy, it was assigned by the insured.

2. SAME—ASSIGNMENT.

Where insured obtains an endowment policy payable to his wife and children should he die within 30 years, but payable to him should he survive, he may assign it to one having no insurable interest in his life.

3. SAME—VALIDITY.

Where assignments of a life policy are filed with the company, it amounts to a delivery to the assignee.

4. SAME—PRESUMPTIONS.

In the absence of proof, the court will not assume that the assignee of a life policy was a fictitious person.

5. SAME—CONSIDERATION.

An assignment of a life policy, with scroll seals, and reciting that it was made for value received, will be deemed made on a good consideration, where the contrary is not shown.

Action by John F. McDonough and another, administrators of Mary J. McDonough, against the Ætna Life Insurance Company. Complaint dismissed.

Weeds, Smith & Conway, for plaintiffs.
Scherer & Downs, for defendant.

HOUGHTON, J. In January, 1866, the defendant issued to Michael B. McDonough a policy of insurance upon his life (being No. 17,023) for the sum of $3,000. The policy was upon the endowment plan, and provided that, in case the insured should die within the period of 30 years from the issuing of the policy, the amount of the insurance should be paid to his wife, Mary J. McDonough, and in case of her death within that period, and before the decease of the insured, the same should be paid to their children, if any, but, in case Michael B. McDonough survived the period of 30 years, the amount of insurance should be paid to him. Michael B. McDonough survived the period. Mary J. McDonough died within the period. By arrangement with the company, the amount of the policy was reduced to $1,500, and premium notes were given, so that there is now concededly due upon the policy only the sum of $630.03. In 1870 another policy was issued by the same company to Michael B. McDonough upon the same terms, except that the period was 20 years, and this, by arrangement with the company, became a paid-up policy for $292. At the time of the issuing of the policies, the insured was a resident of Clinton county; and in 1871 he abandoned his family and went to some of the Western states, leaving a large amount of unpaid debts, due principally to his wife's family, and was wholly insolvent. The insurance policies in question were left at his home.

¶ 2. See Insurance, vol. 28, Cent. Dig. §§ 166, 471.

Subsequently an action was brought against him by his brother-in-law, Francis W. Myers, upon a portion of his indebtedness; and on the 30th of September, 1881, an attachment was issued, and on the 3d of October, 1881, the policies were seized by the sheriff, who subsequently sold them to the plaintiffs' intestate to satisfy the execution upon the judgment thereafter obtained. Letters of administration upon the estate of Mary J. McDonough, the purchaser, were issued to these plaintiffs, who bring this action upon the two policies, claiming as the source of title the purchase upon said execution sale through said attachment proceedings. The company defends under both policies, admitting the issuing of the policies upon their respective terms as set forth in the complaint, and, as to the first policy, denying that it has any knowledge or information sufficient to form a belief as to whether Mary J. McDonough was the owner of said policy at the time of her death; and, as to the second policy, it alleges that the same was assigned to one Jacob C. Turness, and that the amount due thereon was subsequently paid to him, and that such assignment was prior to the issuing of the attachment in the action of Myers against McDonough. The defendant produced from the files of its office assignments of both policies to Jacob C. Turness, concededly executed by the insured, Michael B. McDonough, both bearing date June 8, 1881. Such assignments assumed to transfer all of the right, title, and interest of the insured, McDonough, in and to said policies to the assignee, Turness. Upon the strength of the assignment of the smaller policy, the defendant claims to have paid the amount due to the assignee. It does not produce the check which paid the same, and produces simply a voucher, signed by Turness, acknowledging the receipt of the money, with no proof of the signature of Turness. Notwithstanding the fact that this voucher is more than 20 years old, I do not think this is sufficient proof of payment, but, in the view which I am compelled to take of the case, the fact of payment became immaterial.

The first objection which the plaintiffs make to the defendant's position that the policies have been assigned is that, as to the larger policy, the answer does not plead an assignment to another, but simply denies, for lack of information, that the plaintiffs' intestate was the owner. I think the answer is sufficient to allow proof of assignment to another. It was necessary for the plaintiffs to show acquisition of title to the policies by the attachment proceedings and sale under execution. She had no right under the policy except the insured should die within the period of 30 years. If he survived that period, she received nothing, under the terms of the policy, unless she obtained title to it through purchase or assignment. The complaint of the plaintiffs, therefore, rendered it necessary for them to prove that she obtained title in some legal way. The defendant was entitled to prove any fact that contradicted the evidence given in support of the complaint. Under a general denial the defendant may controvert by evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action. Milbank v. Jones, 141 N. Y. 345, 36 N. E. 388. Where the plaintiff is compelled by the issues to prove title, a general denial puts in issue such title, and under such

a plea the defendant may show title in a stranger, although he does not connect himself with the title. Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740. The policies being endowment policies, the insured had the right to assign them, or at least his interest in them; and the assignment, if otherwise valid, would be good, provided he survived the endowment period. Policies such as these differ from the ordinary life insurance, for a certain period is fixed by contract within which the obligation of the insurer runs to the wife and children, but they have no right to receive payment under it beyond the prescribed period. Whatever might accrue upon the policy in the event of the insured surviving the period belonged to the insured, notwithstanding the intermediate provision in favor of the wife and children. Miller v. Campbell, 140 N. Y. 457, 35 N. E. 651; Insurance Co. v. Healey, 25 App. Div. 53, 49 N. Y. Supp. 29. So, too, the insured might assign his interest in the policy to one having no insurable interest in his life. Steinback v. Diepenbrock, 158 N. Y. 24, 52 N. E. 662, 44 L. R. A. 417, 70 Am. St. Rep. 424. Nor did it invalidate the transfer that the possession of the policy did not accompany the assignment. Baker v. Crosby (Super. N. Y.) 11 N. Y. Supp. 575.

The plaintiffs further urge that there is no proof of the delivery of the assignment from McDonough to Turness, nor any proof that Turness was an actual person, and, further, that no adequate consideration is shown, and that, McDonough being wholly insolvent, the transfer was in fraud of creditors. The assignments were lodged with the company at about the time of their execution, and have been with them ever since, and are produced by them, and they are witnessed. I think the presumptions that the court is compelled to indulge in sustain the contention of the defendant, and refute the objections of the plaintiffs. The assignments came to the office of the company, presumably, for the purpose of notifying the company that some one other than any of the parties to the contract of insurance claimed title to the policies. It was not an improper place to lodge the assignments. In the course of business, it was a very proper place, not only for safe-keeping, but to prevent the moneys upon the policies, when they should grow due, from being paid to another. If any presumption is to be indulged in as to how they came into the hands of the company, it would be natural to say that the assignee sent them. If the assignor, the insured, sent them, then the presumption would be that he sent them for the benefit of the assignee. If that was the only delivery, it would be a good delivery, being for the benefit of the assignee. The delivery of a deed for record to the county clerk's office is a good delivery of the instrument, unless there is some onerous condition to be performed by the grantee. The possession of the assignments by the defendant was in effect the possession by the assignee, and is prima facie evidence of delivery. The court cannot indulge in the presumption that Turness was a fictitious person, in the absence of any proof whatever. A man with whom dealings are had, in the absence of any proof, is not only presumed to be real, but he is presumed to be sane and to know the character of his dealings.

With respect to the consideration, the assignments recite that they were made for value received. They were executed in the state of Illinois, and have a scroll seal. In the absence of any proof, the law gives effect to the recital of the assignment that it was for value received, and presumes it to have been upon a good consideration. The contrary is a matter to be established affirmatively. Eno v. Crooke, 10 N. Y. 60; Belden v. Meeker, 47 N. Y. 311.

This is not an action to set aside the assignment as fraudulent against creditors. If it were, very likely plaintiffs ought to succeed; but, even in a case of that character, plaintiffs would be compelled to show that there was not adequate consideration, and could not recover by simply showing the large indebtedness of the assignor, and the execution of an assignment reciting that it was made for value received.

The assignments were made the 8th of June, 1881, and nearly four months prior to the institution of the attachment proceedings under which the policies were finally sold to the plaintiffs' intestate. At the time of the issuing of the attachment, therefore, the defendant in that action, the insured, had no interest in them, because he had conveyed them to Turness, and the plaintiffs' intestate obtained no title to them by her purchase.

The plaintiffs' complaint must be dismissed, with costs. Let decision be drawn in accordance with the above.

Complaint dismissed, with costs.