DUNLEVY v. NEW YORK LIFE INS. CO. et al.

(District Court, N. D. California, Second Division. March 10, 1913.)

No. 15,041.

1. INSURANCE (§ 211*)—LIFE POLICY—ASSIGNMENT—DELIVERY.

Where insured executed an assignment of a life policy to his daughter in duplicate, as required by the insurer's rules, and both copies were sent to the insurer's home office, after which one copy was retained by the insurer and the other returned to the insured, who kept it with the policy in his possession, the formal execution and sending of the assignment to the insurance company was presumptively for the benefit of the assignee, and, as between her and the assignor, in the absence of anything to evince a contrary intention, constituted a sufficient delivery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 480; Dec. Dig. § 211.*]

2. INSURANCE (§ 211*)—ASSIGNMENT TO INFANT—DELIVERY.

Where a father executed an assignment of a policy on his life to a minor daughter, who was living with him, he being her natural guardian and the custodian of her property and effects, no actual physical delivery of the assignment to her was necessary to render it effective.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 480; Dec. Dig. § 211.*]

3. INSURANCE (§ 212*)—ASSIGNMENT—EFFECT—CONTINUED PAYMENT OF PREMIUMS.

Where a father assigned a policy on his life to his minor daughter, who was living with him, the fact that he continued to pay the premiums was not evidence that he did not regard the assignment as absolute, or that he intended it should be conditional and ineffective unless he died before the policy matured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 481, 482; Dec. Dig. § 212.*]

4. INSURANCE (§ 219*)—POLICY—ASSIGNMENT—MISTAKE.

Where a father executed an absolute assignment of a policy on his life to his minor daughter, the fact that he directed the insurance company's agent who drew the assignment, to make it conditional on his dying before the policy matured, which the agent failed to do, and that insured signed the assignment without reading it, relying on the agent's assurance that it was all right, was ineffective to defeat the rights of the daughter as assignee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 488, 489, 494–496; Dec. Dig. § 219.*]

5. JUDGMENT (§ 17*)—SERVICE WITHOUT THE STATE—JURISDICTION.

Plaintiff's father having assigned a tontine insurance policy on his life to her while she was a resident of Pennsylvania, judgment was recovered by a creditor against her in that state in 1907. In 1909, after plaintiff had removed to California, a writ of execution attachment was issued on the judgment and served in Pennsylvania on the local agent of the insurance company and on plaintiff's father; plaintiff being served

―――――――

only by delivery of a copy of the process to her without the state. She did not appear, and on a feigned issue to determine the ownership of the fund, which the insurance company paid into court, it was determined that it belonged to plaintiff's father, and not to her. *Held* that, while the Pennsylvania court acquired jurisdiction by its garnishee process to determine, as between plaintiff and her creditors, the rights of the latter to subject to their judgment any debt due plaintiff or other property of plaintiff in Pennsylvania to the extent of the judgment, it had no jurisdiction, without plaintiff's personal presence, to try her rights in the policy as between her and her father and the insurance company, the feigned issue raising such question being independent of the garnishment proceeding; and hence the judgment therein was not conclusive on plaintiff against her right to recover the amount of the policy on its maturity, as against the insurance company and her father.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. § 17.*]

At Law. Action by Effie J. Gould Dunlevy against the New York Life Insurance Company and another. Judgment for plaintiff.

Frank W. Taft, Clarence Coonan, and Nat Schmulowitz, all of San Francisco, Cal., for plaintiff.

Page, McCutchen, Knight & Olney, of San Francisco, Cal., for defendant New York Life Ins. Co.

VAN FLEET, District Judge. Plaintiff brings this action to recover $2,479.70, the cash surrender value accrued under the tontine provisions of a policy of life insurance issued by the defendant insurance company on the life of its codefendant, Joseph W. Gould, the father of plaintiff; the policy being alleged to have been assigned by Gould to plaintiff.

The defenses of the insurance company are: (1) That there was no valid or perfected assignment of the policy to the plaintiff; and (2) that plaintiff is concluded by a judgment recovered against the company by its codefendant, Gould, on the same demand in the court of common pleas of the state of Pennsylvania, under which judgment the amount involved has been fully paid to the latter. The answer of the defendant Gould, while silent as to the judgment, sets up that the assignment counted on never became perfected, for reasons that will be hereafter noticed.

[1] 1. As to the validity of the alleged assignment. The policy was issued to Gould, then a resident of Pittsburgh, Pa., in 1889. In 1893, while his daughter, the plaintiff, was a child of 13 years, living with him and under his protection and maintenance, he went to the office of the local agent of the company and executed an assignment of the policy to her, absolute and unconditional in form, purporting to transfer to her "all dividend, benefit, and advantage to be had or derived therefrom." The assignment was executed in duplicate with all the formality required by the company, and acknowledged before a notary. As required by the rules of the company, both copies were sent to its home office in New York, to be viséed by the company before becoming effective; whereupon one copy was retained by the company and the other returned to Gould, who kept it, with the policy, in his posses-

---

sion, and thereafter continued to pay the premiums until the expiration of the tontine period and the payment to him of the amount due thereon, as hereinafter stated, when it was surrendered to the company.

It is claimed that these facts fail to disclose a valid transfer of the policy, for want of any delivery of the assignment and the policy to the plaintiff. If by this is meant that an actual physical delivery of the documents was essential to complete the transaction, the claim is untenable. In the first place, the formal execution and sending of the assignment to the insurance company, although in obedience to the requirement of its rules, is presumptively for the benefit of the assignee, and as between the latter and the assignor, in the absence of anything to evince a contrary purpose, will be regarded as a sufficient delivery. McDonough v. Ætna Life Ins. Co., 38 Misc. Rep. 625, 78 N. Y. Supp. 217; Hurlbut v. Hurlbut, 49 Hun, 189, 1 N. Y. Supp. 854.

[2] But, in the next place, no actual delivery was required under the circumstances disclosed in this case, because the assignee was incapable of receiving it. She was a minor, under the care and protection of the assignor, her father, and the latter was therefore the natural custodian of her property and effects, as he' was of her person. Under these circumstances, no actual physical delivery was called for to perfect the title of the assignee. Burges v. New York Life Ins. Co. (Tex. Civ. App.) 53 S. W. 602.

[3] It is urged that the fact that Gould continued to pay the premiums on the policy is evidence that he did not regard the assignment as complete. This is without force. In making the assignment to his daughter, a minor, and so far as appears without estate, Gould knew that if the premiums were not paid by him they would not be paid at all, and the presumption will not be indulged that he entered upon the transaction with the purpose of doing a thing which would result in a forfeiture of all right under the policy for want of payment of the premiums. The presumption will be preferred that in continuing to pay them it was his purpose to pay them for the benefit of his daughter.

[4] The further claim that the assignment was a conditional one, and never became effective, is based upon the testimony of Gould that he had no intention to make an absolute assignment to his daughter; that he told the agent of the company, when he went to the office to execute it, that he wished to make it conditional upon his dying before the policy was paid, desiring to reserve to himself the right to collect anything to be paid on the policy at its maturity, should he be alive; that the agent instead drew the assignment in the absolute form, and it was signed by him without reading it, relying on the assurance of the agent that it was all right. This evidence is not sufficient to defeat the plaintiff's title. There is no suggestion of fraud in the transaction. . If his evidence is true, Gould might perhaps have maintained an action to have the instrument reformed for mistake; but he has not done so, and no such relief is asked or may be had in this action. I am satisfied that the transfer of Gould's rights under

the policy was a complete and valid transaction, and that neither he nor the insurance company can successfully assail it here. It must be borne in mind that we are not dealing with a case like those relied on by the defendants, where the rights of creditors, or innocent third parties with superior equities, are involved, but are concerned only with the rights of the assignor and his assignee as between themselves.

[5] 2. Is plaintiff concluded by the judgment pleaded in bar? The record discloses these facts: In 1907 Boggs & Buhl, creditors of the plaintiff, the latter then residing in Pennsylvania, recovered a judgment against her in the court of common pleas of Allegheny county in that state. That the court obtained jurisdiction of this plaintiff in that case no question is made; due service being had upon her in accordance with the laws of Pennsylvania. In November, 1909, knowledge of the interest claimed by the plaintiff in the policy in suit having come to the judgment creditors, a writ of execution attachment issued on the judgment and was served upon the local agent of the defendant insurance company in that state and upon Joseph W. Gould, the other defendant here. At this time the plaintiff had removed from Pennsylvania to this state, and taken up her residence here, and no service of the writ was had on her. Gould appeared in response to the garnishment, denying any assignment of the policy to the plaintiff here, and alleging a sole right in himself to the amount due thereon. The insurance company also answered, admitting its indebtedness under the policy, but setting up that the fund was claimed by both Gould and this plaintiff, and prayed to be advised as to its rights. Other creditors of the plaintiff having levied garnishments upon the insurance company against the fund, the latter filed a petition in the court of common pleas, asking leave to pay the money into court, and praying that the several claimants be required to interplead and have their respective rights determined. Leave was granted, the fund paid into the hands of the prothonotary, and thereafter, in February, 1910, the court granted a rule as prayed, requiring the several claimants to the fund to interplead for the purpose of determining their respective rights. It being made to appear that the plaintiff here was then a resident of California, the court directed that the rule be served upon her here by delivery of a copy to her personally, which was done, but plaintiff did not appear. The other parties having appeared, the court thereafter entered a rule that a feigned issue be framed and tried to determine whether Gould had made a valid gift of the policy to the plaintiff here. A trial of this issue was had before a jury, without the presence or appearance therein of the plaintiff, and the jury found that no assignment or gift of the policy had been made to plaintiff. Upon this verdict the court of common pleas entered its order or judgment directing the prothonotary to pay over the fund to Joseph W. Gould, and held that neither the plaintiff here nor her creditors had any right therein. This is the adjudication upon which the defendant company relies as a bar to plaintiff's recovery.

I think it quite obvious that this judgment in no wise concludes plaintiff's rights involved in this case. The court of common pleas, by

virtue of the existence upon its records of a valid unsatisfied judgment against the plaintiff, undoubtedly acquired jurisdiction by its garnishee process to determine as between plaintiff and her creditors the rights of the latter to subject to the satisfaction of their judgment any debt due plaintiff, or other property of hers in Pennsylvania, to the extent of such judgment (Louisville, etc., Ry. Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. Ed. 426; Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565); but I regard it as equally certain that that court was without jurisdiction to proceed, without the personal presence of the plaintiff, to try the question of the rights of plaintiff in the policy in suit as between her and Gould and the insurance company. The proceeding of interpleader at the instance of the insurance company, in which the feigned issue stated was sought to be tried, was in this respect quite independent of the proceeding on garnishment. Ruff v. Ruff, 85 Pa. 333. As to the former, the Pennsylvania court was without jurisdiction of the person of the plaintiff, since the method of service upon her was wholly ineffectual for the purpose—a proposition so thoroughly settled that the authorities need not be referred to. A court must, to render an effectual judgment, have jurisdiction either of the person of the defendant or the res. Pennoyer v. Neff, supra. The judgment of the court of common pleas itself determines that it had no jurisdiction of the latter, since it is adjudged that the debt levied upon, and which alone would give it jurisdiction, was not the debt of plaintiff, but of a third party, as against whom the creditors of plaintiff had no rights.

I am satisfied, therefore, that it must be held that the judgment pleaded is not conclusive upon the plaintiff, and constitutes no bar to a recovery on the policy.

Judgment must accordingly go in favor of plaintiff for the amount sued for, with interest and costs, as prayed.